**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STATE BANK OF BURRTON,

Plaintiff,

v.

PAUL A. GRAVER *Individually and Jointly doing business as* FIRST GOVERNMENT LEASE COMPANY,

Defendant.

Case No. 25-1222-AJP-GEB

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff State Bank of Burrton's Motion for Leave to File Second Amended Complaint (ECF No. 43). Defendant Paul A. Graver, *individually and jointly doing business as* First Government Lease Company, filed a response in opposition to the Motion (ECF No. 46), and Plaintiff filed a reply (ECF No. 48). Additionally, the Court discussed the Motion with counsel at the status conference held on August 27, 2026. For the reasons explained below, Plaintiff's Motion (**ECF No. 43**) is **GRANTED**.

## I. Background

Plaintiff initiated this action against Defendant on October 13, 2025. Plaintiff is a bank located in Burrton, Kansas. Defendant Paul A. Graver is located in Illinois and does business as First Government Lease Company, which provides lease-to-own financing to municipalities and local governments. Plaintiff bought the assignment of two such leases;

one to a volunteer fire department in Alabama, and another to a volunteer fire department in Kentucky. Plaintiff asserts both lessees defaulted without making payments and alleges Defendant made false representations regarding the leases, including that the lessees were not in default at the time the leases were assigned to Plaintiff and that the signatures on the leases were true and correct. Plaintiff's First Amended Complaint, filed March 30, 2026, seeks damages in excess of $75,000 and asserts claims for (1) Fraud and Misrepresentation; (2) Negligent Misrepresentation; (3) Violation of Kansas Uniform Securities Act; (4) Breach of Fiduciary Duty; and (5) Breach of Express and Implied Warranties (ECF No. 31). Defendant denies any wrongdoing.

On April 10, 2026, this Court entered a Scheduling Order which set a deadline of June 1, 2026, for the filing of any motion for leave to join additional parties or to otherwise amend the pleadings (ECF No. 35 at 6). As will be relevant to the discussion below, the Scheduling Order also limits each party to 25 interrogatories and 4 depositions (*Id*. at 4). On June 18, 2026, seventeen days after the motion to amend deadline, Plaintiff filed a Motion for Leave to File Second Amended Complaint ("Motion"), which is at issue here.

Plaintiff argues after the June 1st motion to amend deadline, it discovered, through attorney work-product, and during the pendency of this lawsuit, Defendant Paul Graver transferred two properties he owns to other entities. Specifically, Plaintiff alleges: 1) on December 18, 2025, Defendant Paul Graver created the Paul Graver Trust and transferred an Illinois property to the Trust on that same date; and 2) on December 22, 2025, Defendant Paul Graver organized Estoro Holdings, LLC (which Graver is also alleged to manage), and transferred a Florida property to the LLC on April 28, 2026. Plaintiff alleges these

transfers were made without consideration to insiders, and with the intent to hinder, delay or defraud Plaintiff as a creditor as defined under the Kansas Uniform Fraudulent Transfer Act, K.S.A. §§ 33-201, et seq. ("KUFTA"). Thus, Plaintiff requests leave to file a Second Amended Complaint which would: 1) add Paul A. Graver as Trustee for the Paul Graver Trust and Estoro Holdings, LLC as Defendants; and 2) include both, a fraudulent conveyance claim pursuant to the KUFTA, and a claim for injunctive relief to prevent any further attempts by Defendant to transfer, convey or conceal assets from a possible judgment in this action. Defendant opposes this request.

## II. Discussion

### A. Fed. R. Civ. P. 16 – Good Cause

When considering a motion to amend filed past the scheduling order deadline, Fed. R. Civ. P. 16(b)(4) is implicated.[1] Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." Additionally, judges in this District "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[2] In such cases, the court will "first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[3] Only after finding good cause will the court proceed to the second step and

---

[1] *Johnson v. Unified Gov't of Wyandotte Cnty. & Kansas City*, No. 24-2329-TC-GEB, 2025 WL 1745009, at *2 (D. Kan. June 24, 2025).

[2] *Carefusion 213, LLC v. Pro. Disposables, Inc.,* No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).

[3] *Id.*

evaluate whether the broader, more lenient Rule 15(a) standard for amendment has been satisfied.[4]

The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show existing scheduling order deadlines "cannot be met despite the movant's diligent efforts."[5] The good-cause standard requires the moving party to provide an adequate explanation for the delay.[6] Good cause may be shown "if a plaintiff learns new information through discovery or if the underlying law has changed."[7] The lack of prejudice to the nonmovant does not show good cause.[8] "A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion."[9]

Here, Plaintiff's Motion was filed seventeen days after the motion to amend deadline. Defendant argues, however, that the actual transfers of property, which occurred in December of 2025 and April of 2026, happened well in advance of the June 1st motion to amend deadline, and Plaintiff, a bank, should have been monitoring Plaintiff's transfers of property and known of the same. In response, Plaintiff states it is a small bank with only three employees and the transferers were only discovered by its attorney after the June 1st deadline.

---

[4] *Id.*; *Kansas Heart Hosp., LLC v. Smith*, No. 21-CV-1115-KHV-TJJ, 2022 WL 1471367, at *2 (D. Kan. May 10, 2022).

[5] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).

[6] *Id.* at 988

[7] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[8] *Kansas Heart Hosp., LLC*, 2022 WL 1471367, at *2.

[9] *Singer v. Lagas*, No. 21-CV-2111-JWB-TJJ, 2022 WL 990747, at *2 (D. Kan. Apr. 1, 2022).

The Court is unpersuaded by Defendant's arguments for three reasons. First, the Court is unsure, and Defendant does not explain, why Plaintiff would have a duty to monitor Defendant's personal transfers of property *after* it already purchased the commercial leases at issue. Second, the Court knows of no authority, and Defendant cites none, which requires plaintiffs to constantly monitor a defendant after the filing of a lawsuit to ensure the defendant is not transferring property post-suit. And third, case law provides good cause can be shown when a party learns new information after the motion to amend deadline.[10] Because Plaintiff did not discover the transfers until after the June 1st motion to amend deadline passed and because the motion to amend was filed only seventeen days past the deadline, the Court, in its discretion, finds good cause to amend the scheduling order and allow Plaintiff's Motion to proceed to the Rule 15(a) analysis.

**B. Fed. R. Civ. P. 15 – Factors for Amendment**

After a showing of good cause, the standard for permitting a party to amend his or her pleadings is well established under Rule 15(a). Rule 15(a)(2) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule further instructs courts "should freely give leave when justice so requires." "Indeed, Rule 15(a)'s purpose is to

---

[10] *See, e.g.*, *Kansas Heart Hosp., LLC*, 2022 WL 1471367 (finding plaintiff demonstrated good cause to justify its untimely motion to amend when plaintiff learned of the basis for its proposed amendment during recent discovery preparation and investigation).

provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[11]

Courts may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[12] "Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted."[13] The decision to grant leave is within the sound discretion of the court.[14] When exercising its discretion, a court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[15]

In arguing that the proposed amendment should not be allowed under Rule 15(a), Defendant first argues undue delay for the reasons stated above regarding lack of good cause. Because the Court has addressed Defendant's timeliness argument above, it will not repeat it here. Defendant's second argument against Plaintiff's proposed amendment is undue prejudice because discovery is well underway and Defendant has already used the

---

[11] *Warnick v. Cooley*, 895 F.3d 746, 754–55 (10th Cir. 2018) (internal quotations and citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing Rule 15's directive to "freely give leave" as a "mandate . . . to be heeded").

[12] *Hasan v. AIG Prop. Cas. Co.,* 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman*, 371 U.S. at 182).

[13] *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr*., No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

[14] *Johnson*, 2025 WL 1745009, at *3.

[15] *Id.* (citations omitted).

25 interrogatories allowed by the Scheduling Order. However, as discussed during the August 27, 2026, status conference, the Court will not, and would not preclude Defendant from the conduct of discovery on newly added claims. Additionally, as discussed during the status conference and as is set forth in an Amended Scheduling Order being filed simultaneously herewith, the Court is extending the discovery deadline to January 22, 2027, and will allow each side an additional 25 interrogatories. The Court will not, at this time, increase the number of depositions, but if the parties need more than the 4 per side currently allowed, they should confer, and if an agreement cannot be reached, contact the Court for a discovery conference.

Finally, Defendant argues the proposed amended complaint should not be allowed because the fraudulent conveyance claim would be futile. A proposed amendment is futile if it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).[16] To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."[18]

Defendant asserts Plaintiff has not offered a single factual allegation to support its conclusory statement that Defendant made the transfers with the intent to hinder, delay or

---

[16] *See, e.g., Owens v. Kansas City Bd. of Pub. Utilities*, No. 21-2185-KHV-ADM, 2021 WL 5050039, at *2 (D. Kan. Nov. 1, 2021).

[17] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[18] *Id.* (citing *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016)).

defraud Plaintiff. Defendant states that to "the contrary, if this claim somehow survives, Graver will introduce evidence in this litigation that he was diagnosed with cancer in early December 2025, that these two conveyances were for the purpose of legitimate estate planning, and that he remains adequately liquid to finance a judgment." The Court finds this argument is more appropriate at the summary judgment stage. At present, Plaintiff must only allege sufficient facts to state a plausible fraudulent transfer claim.

Under the KUFTA, a "fraudulent transfer occurs when a debtor intends to hinder, delay, or defraud a creditor, or transfers property under certain conditions to another person without receiving reasonably equivalent value in return."[19] The KUFTA sets forth a non-exhaustive list of factors which may be used to infer intent, including, but not limited to the transfer having been made to an insider, and before the transfer was made, the debtor had been sued.[20] Thus, to state a plausible claim under the KUFTA, Plaintiff must set forth facts demonstrating it is a creditor of Defendant and Defendant made a transfer with either the intent to hinder, delay or defraud or under conditions to another person without Defendant receiving a reasonably equivalent value in return.[21]

Here, the proposed amendment sets forth two separate transfers of property made by Defendant during the pendency of this action, as well as the fact that Plaintiff qualifies as a creditor of Defendant. This amendment also sets forth that the transfers were made

---

[19] *McCain Foods USA, Inc. v. Cent. Processors, Inc.*, 275 Kan. 1, 10 (2002) (citing K.S.A. § 33-204); *see also Kansas Penn Gaming, LLC v. HV Props. of Kansas LLC*, No. 11-4155-RDR, 2012 WL 2359417, at *3 (D. Kan. June 20, 2012) (citing K.S.A. § 33–204).

[20] K.S.A. § 33-204(b)(1), (4).

[21] *See* K.S.A. § 33-204(a)(1)-(2).

without consideration and to entities which could qualify as insiders, and with the intent to hinder or delay or defraud Plaintiff. This is sufficient to state a plausible fraudulent transfer claim under the KUFTA for purposes of a futility analysis under Rule 15(a).[22]

## III. Conclusion

Leave to amend should be freely given when justice so requires, and Defendant has not met his burden to show Plaintiff's proposed amendment is untimely or futile. The Court therefore exercises its discretion, and in viewing the alleged facts in the light most favorable to Plaintiff, grants leave to file a second amended complaint. To the extent Defendant wishes to pursue his futility arguments further, he may do so via a motion to dismiss.[23]

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Leave to File Second Amended Complaint **(ECF No. 43)** is **GRANTED**. Plaintiff shall file its Second Amended Complaint forthwith so the newly added Defendants can be served immediately.

**IT IS FURTHER ORDERED** Defendant shall answer or otherwise respond to the Second Amended Complaint within the time period provided for by Fed. R. Civ. P. 15(a)(3).

---

[22] *See, e.g., Kansas Penn Gaming, LLC,* 2012 WL 2359417, at *3 (finding plaintiff sufficiently stated a KUFTA claim where plaintiff alleged defendants transferred property without any consideration to an entity controlled by one of the individual defendants and that the individual defendants did so after they lost a lawsuit to plaintiff and were confronted with a contractual fees request by plaintiff).

[23] *See Owens*, 2021 WL 5050039, at *3.

**IT IS SO ORDERED.**

Dated: September 1, 2026, at Wichita, Kansas.

/s/ Gwynne E. Birzer
Gwynne E. Birzer
United States Magistrate Judge